FRISBIE v. BUTLER.

ERROR from the judgment of a justice of the peace.   On the application of Butler, to George Catlin, a justice of the peace, the following warrant was issued, viz.   " Whereas Josiah Butler hath made complaint, under oath, that he lost, on or about the 11th day of March, in Torrington, about twenty pounds of good pork, out of the cellar of Daniel Winchel, of the value of ten shillings, lawful money; it being taken by some evil-minded person:   And said Butler suspects one Benjamin Frisbie, of Harwinton, to be the person that hath taken said pork, and prays for a writ, or search warrant, to search for his lost meat, etc.— To John Birge, an indifferent person, lawfully to serve this writ, there being no proper officer, without cost and charge, greeting:   By authority of the state of Connecticut, you are commanded forthwith to search all suspected places and persons that the complainant thinks proper, to find his lost pork, and to cause the same, and the person with whom it

shall be found, or suspected to have taken the same, and have him to appear before some proper authority, to be examined according to law."

By virtue of this warrant, Frisbie was arrested, brought before the justice who issued it, and upon the plea, not guilty, judgment was rendered, that " he was guilty of stealing said pork; and that he pay eighteen shillings as treble damages, to the complainant, and a fine of six shillings to the town treasurer."

The errors assigned, were,

1. That the warrant issued upon a verbal complaint only being exhibited.

2. That the warrant for searching and arresting was illegal, the facts alleged being merely of a civil nature, and not such as would justify such a process.

3. The warrant is a general search warrant, commanding all persons and places throughout the world to be searched, at the discretion of the complainant; — therefore, illegal and void.

4. The judgment was for the gross sum of eighteen shillings as treble damages, for the loss of said pork, without ascertaining the real value.

5. That the process is not founded on any statute of this state; and the common law does not empower a justice to adjudge treble damages to the complainant, as was done in this case.

6. That said justice adjudged that said Frisbie should pay a fine to the treasurer of the town of Harwinton, without complaint or prosecution by any public officer, or any other person, on the part of the public.

Without argument, the judgment of the justice was reversed,

Beebe v. Trafford.

By the whole COURT. The complaint on which the arraignment and conviction was had, contained no direct charge of the theft, .but only an averment that the defendant was suspected to be guilty; nor, indeed, does it appear to have been theft that he was even suspected of, but only a taking away of the plaintiff's property, which might amount to no more than a trespass;— and his being found guilty of the matters alleged against him in the complaint, could be no ground for sentencing and punishing him as for theft.

With regard to the warrant — Although it is the duty of a justice of the peace granting a search warrant (in doing which he acts judicially) to limit the search to such particular place or places, as he, from the circumstances, shall judge there is reason to suspect; and the arrest to such person or persons as the goods shall be found with: And the warrant in the present case, being general, to search all places, and arrest all persons, the complainant should suspect, is clearly illegal; yet, how far this vitiates the proceedings upon the arraignment, may be a question, which is not necessary now to determine; as also the sufficiency of several of the other matters assigned in error.